**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 22 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MELITON CARRILLO ROSALES, | No. 16-73824 |
| Petitioner, | Agency No. A200-244-536 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 15, 2018[**]

Before: FARRIS, BYBEE, and N.R. SMITH, Circuit Judges.

Meliton Carrillo Rosales, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen

removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review

for abuse of discretion the denial of a motion to reopen. *Mohammed v. Gonzales*,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Carrillo Rosales' motion to reopen as untimely, where he filed the motion more than a year past the filing deadline, and did not show due diligence for equitable tolling of the deadline. *See* 8 C.F.R. § 1003.2(c)(2); *Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) (equitable tolling is available to a petitioner who is prevented from timely filing a motion to reopen due to deception, fraud, or error, as long as the petitioner exercises due diligence in discovering such circumstances).

We lack jurisdiction to review the BIA's decision not to reopen proceedings sua sponte. *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011); *cf. Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016) (the court's jurisdiction to review BIA decisions denying sua sponte reopening is limited to reviewing the reasoning behind the decisions for legal or constitutional error).

Because the diligence determination is dispositive, we do not reach Carrillo Rosales' remaining contentions regarding ineffective assistance of counsel.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**